JACOB M. RAUB v. HENRY B. SMITH AND FRANKLIN SMITH.

*Statute of frauds—Contract for formation of partnership and purchase of land for purposes of its business—Title to be vested in specified undivided interests in contracting parties—And profits and losses shared in like proportions—Includes a verbal agreement for the sale of land—And is void under the statute of frauds—As is a verbal agreement by one person to purchase land for another—Such void contract cannot be used for any purpose.*

| 61 | 543 |
|---|---|
| 63 | 457 |
| 65 | 287 |

| 61 | 543 |
|---|---|
| 103 | 581 |
| 103 | 583 |

| 61 | 543 |
|---|---|
| 117 | 547 |

| 61 | 543 |
|---|---|
| 128 | 148 |

| 61 | 543 |
|---|---|
| 147 | 502 |

1. Plaintiff sued defendants for the breach of an alleged *verbal* contract conditioned as follows:

> Plaintiff, being the owner of a steam saw-mill, agreed to manufacture into lumber, at a fixed price per thousand feet, a quantity of pine timber owned by the defendants; also to show them a tract of pine land for sale at $15 per acre, which he had "looked over", and if found to be as valuable as he represented, plaintiff and defendants were to form a copartnership, the defendants agreeing to advance the money and purchase the land, taking the deed in the names of plaintiff and defendants in such a way as to vest the title to an undivided *one-third* in plaintiff and the remaining *two-thirds* in defendants. Plaintiff was to pay defendants for his interest by manufacturing the timber on said land into lumber, which was to be sold, and the *profits* and *losses* shared and borne by the parties in the proportions *above* specified.

> The defendants, as alleged by plaintiff, refused to form the copartnership, purchased the land in their own names, sold the same for $8,000, and refused to share the *profits* with plaintiff.

> *Held,* that the agreement sued upon included a *verbal* contract for the sale of land, and was void under the statute of frauds.

2. A contract void under the statute of frauds cannot be used for *any* purpose (*Chamberlain v. Dow*, 10 Mich. 319; *Hall v. Soule*, 11 Id. 494; *Holland v. Hoyt*, 14 Id. 238; *Grimes v. Van Vechten*, 20 Id. 410; *Scott v. Bush*, 26 Id. 421; *Detroit, H. & I. R. R. Co. v. Forbes*, 30 Id. 176; *Hillebrands v. Nibbelink*, 40 Id. 646; *Sutton v. Rowley*, 44 Id. 112), and is regarded as a nullity.

3. Not only is a *verbal* contract for the *sale* of lands void, but a like agreement by *one* to purchase an interest in lands for *another* is void. *Dwight v. Cutler*, 3 Mich. 573; *Bomier v. Caldwell*, 8 Id. 463; *Hogsett v. Ellis*, 17 Id. 364-5; *Abell v. Munson*, 18 Id. 312; *Scott v. Bush*, 26 Id. 418; *Wetmore v. Neuberger*, 44 Id. 362; *De Moss v. Robinson*, 46 Id. 62.

Error to Mecosta. (Fuller, J.) Argued May 12, 1886. Decided June 10, 1886.

Assumpsit. Defendants bring error. Reversed. The facts are stated in the opinion and summarized in head-note 1.

*Charles A. Withey* (*Dallas Boudeman*, of counsel), for appellants:

The contract counted on by plaintiff is void under the statute of frauds. It was based upon the proposed purchase of land, and to hold this portion of the agreement *incidental* to or *severable* from the other portions does violence to every part thereof. A promise to *sell* land to a *third* party is within the statute: *Trowbridge v. Wetherbee*, 11 Allen (Mass.) 364; and a promise to *buy from* a third party must be equally so: *Wetmore v. Neuberger*, 44 Mich. 365; *Colgrove v. Solomon*, 34 Id. 497; *Scott v. Bush*, 29 Id. 523.

A contract to purchase and *cause* to be conveyed is as much within the statute as is a contract *to* convey: *Levy v. Brush*, 45 N. Y. 589, 594–5; *Rawdon v. Dodge*, 40 Mich. 697.

The agreement for the purchase and conveyance to the plaintiff of a one-third interest in the land, upon which the proposed partnership was to rest, was never taken out of the statute by performance on the part of defendants, hence no action will lie for a breach of the agreement for a partnership, nor for anything else based upon such proposed purchase and conveyance.: *Wetherbee v. Potter*, 99 Mass. 354; *Page v. Monks*, 5 Gray (Mass.) 495; *D., H. & I. R. R. Co. v. Forbes*, 30 Mich. 175; *Scott v. Bush*, 26 Id. 419; Browne on Stat. Frauds, §§ 140–5.

*M. Brown* (*J. H. Palmer*, of counsel), for plaintiff:

The agreement on which this action is brought is one to form a partnership, not a mere joint venture, and contains every element of a partnership: *Beecher v. Bush*, 45 Mich. 188; 1 Lindley on Partnership, §§ 1, 2, 3; and such an agreement need not be in writing: Wood on Frauds, § 233; Parsons on Partnership, p. 7; *Smith v. Tarlton*, 2 Barb. Ch. 336.

The agreement contemplated a purchase of lands, but its *real* object was the *profits* to be derived from the *manufacture* and *sale* of lumber, and this suit is brought to recover

profits. The partnership was (to be) formed to manufacture and sell lumber, not to deal in real estate, the transfer of which was only collateral to the agreement to form such copartnership, and is not within the statute: *Personette v. Pryme,* 34 N. J. Eq. 26; *Evans v. Green,* 23 Miss. 294; *Bunnel v. Taintor,* 4 Conn. 568; *Chester v. Dickerson,* 54 N. Y. 1; *Bruce v. Hastings,* 41 Vt. 380; *Brown v. Morris,* 83 N. C. 251; *Trowbridge v. Wetherbee,* 11 Allen (Mass.) 361; *Wetherbee v. Potter,* 99 Mass. 354; *Morrill v. Colehour,* 82 Ill. 618; *Morgan v. Griffith,* L. R. 6 Exch. 70; *Knott v. Knott,* 6 Oregon, 142.

SHERWOOD, J. This is an action of assumpsit, brought by the plaintiff against the defendants to recover damages for the non-performance of an alleged contract to enter into a copartnership with the plaintiff.

The facts, as the plaintiff states them in his declaration, are substantially as follows:

On the ninth day of February, 1880, the plaintiff had looked over 280 acres of pine land, and ascertained that there was 6,000,000 feet of pine timber thereon then growing, which was very valuable, and had the descriptions of the land, which was situated in the county of Lake; that said lands were owned by the Grand Rapids & Indiana Railroad Company, and were for sale at $15 per acre; that plaintiff then knew the location of the lands, and the defendants did not; that plaintiff had a steam saw-mill, which he used to cut timber for other people; that at the same time the defendants owned in the said county of Lake a quantity of pine timber, consisting of about 1,200,000 feet, which they wished to have manufactured into lumber; and that they desired to contract with plaintiff to manufacture their timber into lumber, and then and there entered into an agreement with the said plaintiff, in substance, as follows:

The plaintiff to show the defendants the lands he had selected, containing the 6,000,000 feet of pine timber, and manufacture for the defendants into lumber the 1,200,000 feet of pine timber they owned, at $2.50 per thousand, as soon as he could reasonably do so; and if the lands containing the 6,000,000 feet of pine timber were as valuable as the

plaintiff had represented them to the defendants, then it was agreed that the plaintiff and defendants should form a copartnership, and that the defendants should purchase the lands shown to them by the plaintiff, of the Grand Rapids & Indiana Railroad Company, the owner thereof, and should advance the purchase price ($15 per acre), and have the same conveyed to the plaintiff and defendants, so that the plaintiff should own one-third and the defendants two-thirds thereof; said plaintiff to pay to defendants for his share by manufacturing the timber upon said lands to be purchased, into lumber; the lumber to be sold, and the plaintiff to have one-third of the profits, and the defendants have two-thirds, and the losses, if any, were to be borne in the same proportion.

The declaration then avers that each of said parties verbally agreed to perform their several agreements so made with each other; that the plaintiff has always fulfilled his part of said contract, and has manufactured into lumber the pine timber standing on the defendants' land, for the said $2.50 per thousand, as soon as he could reasonably do so after making the agreement; and showed the other lands to the defendants; and that they were as valuable as he represented them to be to the defendants; and has always been ready to do the sawing of the timber grown upon said lands as he had promised; but that the defendants refused to go into partnership with the plaintiff, or to purchase the lands upon which the 6,000,000 feet of pine timber stood, and have the same conveyed to the plaintiff, so that he would have and own an undivided one-third thereof; but purchased the lands, and took the title to themselves, and afterwards sold the same for $8,000, and refused to allow him to share in the profits thereof; that the profits which would have accrued from the manufacture and sale of the timber would have been over $20,000, under the agreement thus made.

The defendants' plea was the general issue, with notice of set-off.

The cause was tried in the Mecosta circuit, before a jury, and the plaintiff was allowed to recover a judgment for the sum of $5,000 damages.

Defendants bring error.

The defendants' contest in this case is principally upon two points: They claim that the contract relied upon by the plaintiff, and for the breach of which he must recover, if at all, being a verbal one, is within the statute of frauds; that the foundation of plaintiff's claim is for the sale of an inter-est in lands, and that the contract therefor, not being in writing, is void.

Their second point is that the rule of damages laid down by the court is incorrect, and not applicable to the facts in the case. Of course, if either of these points is well taken, the judgment must be reversed.

The language of the statute relied upon (How. Stat. § 6181) is as follows:

"Every contract for the leasing, for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized by writing."

This statute has frequently been before this Court for construction, and it has been held that a contract which is void under the statute of frauds cannot be used for any purpose: *Chamberlain v. Dow*, 10 Mich. 319; *Hall v. Soule*, 11 Id. 494; *Holland v. Hoyt*, 14 Id. 238; *Grimes v. Van Vechten*, 20 Id. 410; *Scott v. Bush*, 26 Id. 421; *Detroit, H. & I. R. R. Co. v. Forbes*, 30 Id. 176; *Hillebrands v. Nibbelink*, 40 Id. 646; *Sutton v. Rowley*, 44 Id. 112. Such a contract is regarded as a nullity.

It has been also held that not only is a verbal contract for the sale of lands void, but that a verbal agreement by one to purchase an interest in lands for another is void :[1] *Dwight v. Cutler*, 3 Mich. 573; *Bomier v. Caldwell*, 8 Id. 463; *Hogsett v. Ellis*, 17 Id. 364, 365; *Abell v. Munson*, 18 Id. 312; *Scott v. Bush*, 26 Id. 418; *De Moss v. Robinson*, 46 Id. 62; *Wetmore v. Neuberger*, 44 Id. 362.

[1] See *Carr v. Leavitt*, 54 Mich. 542, for a case where a contract involving the purchase and sale of land was held *not* within the statute.

It now remains to consider how stands the case of the plaintiff under the statute and the foregoing decisions of the Court.

The action is to recover damages for refusing to perform an agreement to form a copartnership involving the purchase of lands.

The contract of copartnership which is set up in the declaration, and which it is averred the defendants agreed to make, was for the purchase of land containing a large quantity of pine timber, from which the manufacture and sale of lumber was to be the business carried on. The land had not yet been purchased when the agreement sued upon is alleged to have been made, nor had any contract yet been made for the purchase thereof from the owner. By the terms of the agreement the defendants were to negotiate for the purchase for the parties, take the title in their names, and pay the purchase money therefor; the defendants to be the owners of two-thirds and the plaintiff one-third of the property, when thus purchased, and the plaintiff to reimburse the defendants for his one-third of the purchase price in his sawing and converting the timber into lumber for sale. Clearly, we think, the agreement sued upon included a contract for the sale of land which was not in writing, and void under the statute of frauds, above given.

The contract for the purchase of the land was included in the agreement to engage in the copartnership, and is made the basis thereof, and the failure of the defendants to perform their undertakings relating thereto, as stated in the agreement sued upon, constitutes the plaintiff's sole ground for the damages he claims to have sustained.

In the case of *Levy v. Brush*, 45 N. Y. 589, it was held, where a verbal agreement was entered into between the plaintiff and defendant, by which the latter agreed to purchase land, and pay therefor from his own funds the necessary amount for that purpose, for the joint benefit of both, the plaintiff to reimburse one-half the money so paid, the deed to be taken in the names of both, the defendant having made the purchase, and taken the contract in his own name, and

refused to convey one-half to the plaintiff, that no action would lie to compel the execution of the agreement; that the case was within the statute of frauds; and that the defendant had a perfect right, both at law and in equity, to refuse performance.

In *Rawdon v. Dodge*, 40 Mich. 698, the agreement was verbal that Dodge should cause to be conveyed to Rawdon an interest in land held by one Sayles; and Mr. Justice Graves, in delivering the opinion of the Court, said:

" It is not claimed that written evidence was not necessary to show the agreement for the transfer of the equity of redemption, or that there was any such evidence, and the record imports that no proper writing was ever made. The agreement was that an interest held by Sayles in the land should be conveyed to Rawdon, and the transaction was within the words and policy of the statute. How. Stat. §§ 6179–6181. The fact that the interest to be transferred was not then in Dodge, but was vested in Sayles, could make no difference. It was a contract for the sale of an interest in land, and it is not important that the title then resided in a third person."

See, also, *Wright v. De Groff*, 14 Mich. 164; *Scott v. Bush*, 29 Id. 523; *Erben v. Lorillard*, 19 N. Y. 299; *Purcell v. Coleman*, 4 Wall. 513.

Other authorities might be cited, but we think the above are conclusive upon the point, and show clearly that the agreement relied upon by the plaintiff is within the statute of frauds, and that the following instruction requested by the defendants' counsel should have been given to the jury, viz.:

· " The contract upon which this action is based, and which is set up in the plaintiff's declaration, is not alleged to be in writing, and therefore, being within the statute of frauds, is of no force to bind any one, and it is your duty to find for the defendants."

There is no occasion for considering the other questions raised in the case.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.