## THOMAS N. BROSNAN v. JOSEPH C. McKEE.

*Statute of frauds—Verbal agreement to purchase real estate for copartnership purposes.*

Plaintiff sued defendant for the breach of an alleged verbal contract, conditioned as follows:

Plaintiff was to purchase certain plaster-mill property for $60,000, taking the deed in his and defendant's names, the unpaid purchase price to be secured by a *joint* mortgage on the property, after which defendant was to pay plaintiff $5,600 for an *equal* interest in the property and business, which was to be thereafter operated by *them* as copartners. The purchase was made, and the deed, mortgage, and copartnership articles executed, as agreed upon, and the business thereafter prosecuted in the *firm* name until the formation of a stock company, when the copartnership ceased. The promise to pay the $5,600 was not evidenced by any writing.

*Held*, that the agreement was for the purchase of land, and void under the statute of frauds unless reduced to writing.[1]

Error to superior court of Grand Rapids. (Parrish, J.) Argued July 20, 1886.   Decided November 4, 1886.

---

[1] See *Raub v. Smith*, 61 Mich. 543; and for cases where a contract involving the *purchase* and *sale* of land was held *not* within the statute, see *Carr v. Leavitt*, 54 Mich. 542; *Davis v. Gerber*, 13 West. Rep. 894.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Smiley & Earle,* for appellant.

*Norris & Uhl,* for defendant.

[The point decided by the Court being *conclusive,* an abstract of the briefs of counsel is omitted.—REPORTER.]

SHERWOOD, J. This action was brought by the plaintiff to recover upon a parol agreement made between him and the defendant in July, 1880, whereby it is claimed the defendant agreed to pay the plaintiff $5,600, in consideration of the plaintiff's negotiating a purchase, upon terms satisfactory to the defendant, from the Union Mutual Life Insurance Company of Maine, of certain plaster-mills, and property connected therewith, known as the "Union Mills," located at Grandville, in the county of Kent, and taking the defendant into an equal partnership with him in business to be carried on at said mills.

The plaintiff, prior to the month of August, 1880, had, for a considerable length of time, been in charge of the Union Mills, carrying on the business of manufacturing and selling plaster, as manager for the insurance company, and was familiar with the plaster business.

The defendant was local agent at Grand Rapids for the Detroit & Milwaukee Railway Company, and knew but little or nothing of the plaster business. The plaintiff's relations were friendly, if not intimate, with the defendant. He also had a brother living in the city of New York, who was president of the United States Life Insurance Company, who was a friend of the president of the Union Mutual Company. Some interviews had been had by the plaintiff with the Mutual Company on the subject of the sale of the Union Mills property, and the plaintiff claimed he was in a situation to secure favorable terms for its purchase.

The plaintiff claims that he ascertained that the company was willing to sell the Union Mills property to him upon credit, by making a small payment down, and securing the balance by mortgage upon the property; that at this time he was friendly with the defendant, and he, some time in the month of July, 1880, made known to the defendant the situation of the property, and his contemplated purchase of the same, and that thereupon the defendant wished to form a copartnership with the plaintiff, and desired him to make purchase of the property; and that their treaties upon the subject resulted in an agreement that was never fully reduced to writing, but was finally consummated, and was in substance as follows:

The plaintiff was to proceed and make the purchase of the property at $60,000, pay $15,000 down, and secure the remainder upon the property, the deed to be taken to the parties, and they both to execute the security; and the defendant was to give the plaintiff $5,600 for a copartnership with him in the property and business, sharing equally with the plaintiff therein.

The plaintiff succeeded in negotiating the purchase upon these terms, and conveyances were executed accordingly, together with copartnership articles.

They raised the money to make the payment of $15,000 upon their note, indorsed by Martin L. Sweet, at Grand Rapids, at the bank.

The firm composed of the parties was styled Brosnan & McKee, and it continued until in the month of November, 1881, when a stock company was formed to carry on the business, and the copartnership ceased.

For the payment of the $5,600 no note was ever taken, or other written memorandum made. It is to recover this sum that the suit was brought.

The declaration is in assumpsit, containing two special counts upon the contract, to which the common counts are added.

The defendant's plea is the general issue, and his contention upon the trial was that he never made any agreement at any time with the plaintiff to pay to him $5,600 for an interest in said business and property, or to be admitted to a partnership with the plaintiff therein, and that he never had any talk or conversation with the plaintiff, at any time before the suit was brought, upon that subject.

The cause was tried in the superior court in the city of Grand Rapids, before Judge Parrish, by jury, resulting in a verdict and judgment for the defendant.

The plaintiff brings error. The bill of exceptions contains all the evidence in the case.

The parties were both sworn, and testified in the case. Upon the principal questions of fact involved, the parties flatly contradict each other; and, as might be expected under such circumstances, every incident and occurrence, which was thought to have a corroborating tendency upon either side, was brought into the case by counsel for the respective parties.

A large number of exceptions were taken upon the trial on the introduction of the testimony, a number of which would be sufficient to render a reversal necessary, did not the contract claimed, upon which the action is founded, come within the statute of frauds.

It is quite clear, we think, that under the rulings of this Court in *Raub v. Smith,* 61 Mich. 543, the contract does fall within that statute. It is one for the purchase of land, and should have been in writing. The agreement was that the plaintiff was to purchase the land whereon the plaster bed was located for both parties, and that said purchase was to be in part for the plaintiff, and the title to the property was to be taken in the names of both parties; and it was *this* interest, as well as the *promise* of a partnership in the business, which constituted the *consideration* upon which the plaintiff relies for recovery.

It is not necessary to consider the case further, and the judgment must be affirmed.

The other Justices concurred.