JONATHAN PENFOLD v. DWIGHT G. F. WARNER AND MARY WARNER.

*Power of attorney—Construction—Husband and wife.*

1. A power of attorney to sell and convey land will be strictly construed, and cannot be enlarged by construction.
2. The power granted in a power of attorney to sell any and all real estate, belonging to the parties executing it, in a designated county, only covers lands *then* owned by them in that county.
3. Land conveyed to a wife by her husband after the execution by them of a power of attorney to their son to sell any and all real estate belonging to them, or either of them, in a designated county, cannot be said to have *belonged* to the wife when the power of attorney was executed, in such a sense as to authorize the son to sell the land after its conveyance to his mother.

Error to Benzie. ⸴ (Aldrich, J.)  Submitted on briefs April 13, 1893.  Decided June 23, 1893.

Ejectment.  Plaintiff brings error.  Affirmed.  The facts are stated in the opinion.

*Manly C. Dodge (Smurthwaite & Higgins,* of counsel), for appellant.

*D. G. F. Warner (Pratt & Davis,* of counsel), for defendants.

HOOKER, C. J.  John W. Zimmerman, being the owner of a parcel of land in Frankfort, Benzie county, Mich., joined with his wife, Barbara E. Zimmerman, in a power of attorney to their son, Morris M. Zimmerman.  This was duly acknowledged and recorded.  In 1888, John W. Zimmerman quitclaimed the premises to his wife, Barbara,

and, shortly after, died. In 1890, Morris M. Zimmerman, as attorney for Barbara E. Zimmerman, conveyed the premises, except the north 100 feet, to the plaintiff, for a valuable consideration, by warranty deed. In September, 1891, Barbara E. Zimmerman quitclaimed the premises, except the north 50 feet, to the defendant Dwight G. F. Warner. Plaintiff brought ejectment. Judgment being rendered in favor of the defendants the plaintiff appealed.

This power of attorney was given by husband and wife at the time when the title to the real estate in question vested in him, and his wife had no title to any lands, aside from her inchoate right of dower in this parcel. Counsel argue from these facts that the language of the power should be construed to cover lands subsequently acquired, while on the other hand it is contended that this power of attorney conferred no greater authority than to convey her right of dower in a deed whereby her husband's title should be conveyed.

We are impressed by the importance of certainty in instruments authorizing the conveyance of lands, and by the serious consequences likely to arise if it be determined that a power of attorney may mean one thing or another, as the tints of surrounding circumstances, resting on parol testimony, may vary. When placed upon record, as under our recording laws it may be, there should be no uncertainty in its meaning, and strangers should not be required to look beyond the language used. We are aware that there are authorities which appear to attach importance to surrounding circumstances, but, beyond such as may be deemed to create an estoppel, we cannot approve them; and, inasmuch as titles to land cannot in Michigan be maintained upon an estoppel, we cannot recognize the authority of such cases. Eliminating extrinsic circumstances from the question, its solution is comparatively

easy. No doctrine is better settled than that these "powers of attorney are strictly construed, and cannot be enlarged by construction." *Wood v. Goodridge,* 6 Cush. 117; *Morrell v. Frith,* 3 Mees. & W. 402; *Neilson v. Harford,* 8 Id. 806; *Withington v. Herring,* 5 Bing. 442; *Rossiter v. Rossiter,* 8 Wend. 494; *Jeffrey v. Hursh,* 49 Mich. 31, 58 Id. 246. The Legislature has signified its approbation of this doctrine by restricting powers by statute. See How. Stat. chap. 215; Id. §§ 5623, 5629. Recurring to the instrument in question, we find the language to be as follows:

"John W. Zimmerman and Barbara E., his wife, * * * do make, constitute, and appoint Morris M. Zimmerman our true and lawful attorney for us, and in our name, place, and stead, and in the name, place, and stead of either of us, to bargain, sell, or mortgage any and all real estate belonging to us, or either of us, in any real estate in the county of Benzie," etc.

The plain import of this language limits the power to lands then owned by the parties. *Weare v. Williams,* (Iowa), 52 N. W. Rep. 328. As the title then stood, Barbara E. Zimmerman had no title in the premises. She had an inchoate right of dower, which she might release by joining with her husband in a deed of the premises, or by her conveyance to the holder of the title. *Rhoades v. Davis,* 51 Mich. 306. It was not an interest that could be conveyed by her so long as the husband held the title to the fee. But when she received a deed from her husband, and became owner of the fee, the inchoate right of dower was extinguished by the merger, and there was nothing left for it to operate upon, so far as that parcel of land was concerned, unless we are to extend the power by construction, which, as we have seen, the courts do not favor. This land did not belong to her when the power of attorney was executed.

Some other questions are raised upon the record, but,

as the case must hinge upon the power of attorney, we think it unnecessary to pass upon them.

The judgment will be affirmed.

The other Justices concurred.