### BERGMAN *v.* DYKHOUSE.

1. PRINCIPAL AND AGENT—CONSTRUCTION OF POWERS OF ATTORNEY.
   Powers of attorney are strictly construed and cannot be enlarged by construction.

2. SAME—AUTHORITY TO SELL REAL ESTATE.
   The authority to sell real estate must ordinarily be conferred in clear and direct language.

3. CONTRACTS—OPTIONS—ACCEPTANCE—SUBSTANTIAL COMPLIANCE.
   An option is a mere offer and acceptance thereof must be made within the time allowed or the optionee's rights thereunder will be lost, substantial compliance with the terms of the option being insufficient to constitute an acceptance.

A power of attorney to sell real estate must be clear and express and is strictly construed, see 1 Restatement, Agency, § 53, comment b.

4. Same—Cash Options—Acceptance—Additional Condition.
> Optionee's written acceptance of written option to sell real estate for cash within time specified therein but adding condition that abstract be furnished for examination before deal would be closed *held*, an insufficient acceptance where cash was not tendered until after expiration of specified time.

5. Same—Acceptance—Specific Performance—Damages.
> Optionee who failed to accept option to sell real estate according to its terms is not entitled to either specific performance or damages.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 11, 1946. (Docket No. 66, Calendar No. 43,515.) Decided December 2, 1946.

Bill by Harry Bergman against George J. Dykhouse and another, coexecutors of the estate of Rose Kelsey Dykhouse, deceased, and others to set aside a deed and for specific performance of contract to sell real estate. Decree for defendants. Plaintiff appeals. Affirmed.

*Fred P. Geib* and *Clem H. Block,* for plaintiff.

*John M. Dunham* and *Leon B. Buer,* for defendants.

Bushnell, J. On August 14, 1937, Mrs. Henry G. Dykhouse gave her son, George J. Dykhouse, a general power of attorney, which was recorded in Kent county on September 28, 1937. This instrument did not specifically empower him to enter into any agreement concerning lands.

On March 20, 1945, defendant George J. Dykhouse executed an instrument on behalf of his mother, reading as follows:

"For the sum of $25 the receipt of which is hereby acknowledged. The undersigned hereby gives to Harry Bergman an option to purchase the following

described property for $2,250 cash;—North half of Northwest quarter 'of Sect. Eleven (11), Township (4), Range Eleven West (11), located in Allegan county, State of Michigan, containing 80 acres, more or less.

"In case of a purchase the undersigned agrees to pay one-half of the surveying charges, but not more than $75.

"Said option to be exercised within thirty (30) days.

Sig. ROSE KELSEY DYKHOUSE<br>per GEO. J. DYKHOUSE"

On April 9, 1945, John H. Vander Wal addressed the following letter to Mrs. Dykhouse:

"In behalf of Harry Bergman we are giving notice that he hereby exercises the option given to him by you under date of March 20, 1945, for the purchase of the following described property for the price of $2,250.

"N.½ of NW¼ of Sec. 11, Township 4, Range 11 West, located in Allegan county, State of Michigan, containing 80 acres more or less.

"We are prepared to close this deal as soon as the abstract can be examined by us to see that you have good legal title to this property. Will you please get in touch with us at once so that we can have the abstract for examination?"

In response to this letter an abstract was delivered to Vander Wal, who had the entries therein completed to April 23, 1945. On August 13th of that same year Mrs. Dykhouse conveyed the property to Major W. Seery and Grace A. Seery, his wife.

The purchase price named in the option was not tendered by Bergman until after the date of the deed to the Seerys. Mrs. Dykhouse died shortly after this tender was made, and when her executors refused to convey to Bergman, he instituted an action for specific performance of his option agree-

ment, or damages in lieu thereof. The Wayland State Bank was joined as a defendant in this action because of a mortgage it held on the property.

The testimony intimates that Mrs. Dykhouse was present when her son George signed the option, and it is claimed that she was fully informed as to the facts. It should be added that in 1937, when the power of attorney was given, a land contract was executed covering the property in question to the Seerys as vendees. Subsequently they defaulted on their payments and the property was sold for delinquent taxes. It was repurchased from the State land office board by Mrs. Dykhouse on November 18, 1942.

The trial judge filed a written opinion in which he discussed the authority of George Dykhouse to execute the option agreement. He held that:

"In and by itself the power of attorney would not authorize him to convey his mother's real estate. It does not describe the land nor specifically authorize the sale of any lands."

His view was, however, that George had ample authority to act in the matter as his mother's agent.

The trial judge further directed attention to the fact that Mrs. Dykhouse did not sell the property to the Seerys until nearly four months after the delivery of the abstract and the expiration of the life of the option. He concluded that Bergman did not exercise the option in accordance with its terms and, therefore, was not entitled to either specific performance or damages.

Bergman has appealed from the decree dismissing his bill of complaint and contends that the Vander Wal letter of acceptance created a contract enforceable by either party.

It is elementary that powers of attorney are strictly construed, cannot be enlarged by construction, and that "authority to sell, real estate must ordinarily be conferred in clear and direct language." 1 Mechem on Agency (2d Ed.), § 802.

See, also, *Penfold* v. *Warner*, 96 Mich. 179 (35 Am. St. Rep. 591); *Parkhurst* v. *Trumbull*, 130 Mich. 408; *Magilavy* v. *Fekete*, 251 Mich. 518; *Long* v. *City of Monroe*, 265 Mich. 425; *People* v. *Etzler*, 292 Mich. 489; *Jaynes* v. *Petoskey*, 309 Mich. 32; and 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).

The testimony in this record is not convincing that Mrs. Dykhouse was actually present, or that she verbally authorized her son George to execute the option on her behalf. Even if such were the case and the rule in *DeWar* v. *Juett*, 228 Mich. 84, validated the option, the question still remains: Was the option accepted "according to its terms?"

The applicable rule is stated in *Beecher* v. *Morse*, 286 Mich. 513, as follows:

"An option is a mere offer, and * * * acceptance thereof must be made within the time allowed or the optionee's rights thereunder will be lost. * * * Substantial compliance with the terms of the option is not sufficient to constitute an acceptance of the offer."

See, also, *Nu-Way Service Stations, Inc.,* v. *Vandenberg Bros. Oil Co.,* 283 Mich. 551.

The instant option contemplated a cash transaction and was silent as to the furnishing of an abstract. It was required to be exercised within 30 days. Vander Wal's letter of acceptance of April 9th, though delivered within 30 days, altered the terms of the option. Tender of the purchase price was not made within the required time, but

nearly four months later. It must therefore follow, as found by the trial judge, that plaintiff did not exercise the option in accordance with its terms, and is not entitled to either specific performance or damages. *Thomas* v. *Ledger,* 274 Mich. 16.

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellees.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.