CRANE v KANGAS

1. FRAUDS, STATUTE OF—PRINCIPAL AND AGENT—REAL PROPERTY—AU-
   THORITY.

   The statute of frauds requires an agent's authority to convey real
   estate to be in writing (MCLA 566.106).

2. PRINCIPAL AND AGENT—POWER OF ATTORNEY—CONSTRUCTION—
   SCOPE.

   Powers of attorney are strictly construed and cannot be enlarged
   by construction; a power of attorney which specifies the acts
   which may be performed may not be extended by construction
   so as to authorize the performance of other 'acts not mentioned;
   the attorney may perform only those acts specified in the power
   of attorney, and the scope of his powers should be determined
   from a proper construction of the instrument.

3. PRINCIPAL AND AGENT—POWER OF ATTORNEY—REAL PROPERTY—
   AUTHORITY—CONSTRUCTION.

   The authority to sell land ordinarily must be conferred in clear
   and direct language, and may not be inferred from general
   language contained in a power of attorney.

4. HUSBAND AND WIFE—PRINCIPAL AND AGENT—POWER OF ATTORNEY
   —AUTHORITY—REAL PROPERTY—FRAUDS, STATUTE OF.

   A husband's power of attorney that specifically authorized his
   wife "to apply for any benefits and make any claims in connec-
   tion with any insurance policies" of which her husband was
   beneficiary and to use the benefits as she saw fit, and to draw
   upon her husband's bank accounts, cash all checks payable to
   him, and pay all bills, and made no reference to real estate did
   not specifically authorize the wife, in writing, to convey her
   husband's real property, as is required by the statute of frauds
   (MCLA 566.106).

Appeal from Ontonagon, Donald L. Munro, J.

REFERENCE FOR POINTS IN HEADNOTES

[1–4] 73 Am Jur 2d, Statute of Frauds § 455 *et seq.*

Submitted Division 3 May 10, 1974, at Marquette. (Docket No. 16364.) Decided May 31, 1974.

Complaint by Lempi Crane against Eleanor E. Kangas and Donald E. Kangas, executor of the estate of Arvo R. Kangas, deceased, to have a quitclaim deed declared null and void. Judgment for defendants. Plaintiff appeals. Reversed.

*F. Hubert Mather,* for plaintiff.

*Thompson & Thompson,* for defendants.

Before: ALLEN, P. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. On May 31, 1971, Arvo R. Kangas executed a will devising certain real property to his wife, defendant Eleanor E. Kangas, and to his sister, Lempi Crane, as joint tenants with right of survivorship. On the same day he also executed a power of attorney authorizing his wife to act as his agent in certain specific matters. On September 7, 1971, Mrs. Kangas, her attorney, and a banker friend met with Mr. Kangas at his hospital bedside. He informed the group that he wanted his wife to be the sole owner of his real property upon his demise. The next day, September 8th, Mrs. Kangas, at her attorney's suggestion, executed a quitclaim deed from herself, individually and as her husband's agent, to herself and her husband as tenants by the entirety. Later the same day, Mr. Kangas died, apparently without knowledge of the execution of the deed.

On January 27, 1972 plaintiff filed a complaint alleging the quitclaim deed was null and void. The trial court ruled that the deed was a valid docu-

ment, effectively transferring title to the property. Plaintiff appeals.

The sole issue on appeal, as it was in the court below, is whether Mrs. Kangas had authority to execute the deed in the name of her husband. The statute of frauds, MCLA 566.106; MSA 26.906,[1] requires an agent's authority to convey real estate be in writing. Defendants contend that the power of attorney constitutes such authority. We disagree.

> "It is a firmly established rule, frequently reiterated, that powers of attorney are strictly construed and cannot be enlarged by construction. Accordingly, a power of attorney which specifies the acts which may be performed may not be extended by construction so as to authorize the performance of other acts not mentioned.
>
> \* \* \*
>
> "The attorney may perform only those acts specified in the power of attorney, and the scope of his powers should be determined from a proper construction of the instrument.
>
> \* \* \*
>
> "Authority to sell land ordinarily must be conferred in clear and direct language, and may not be inferred from general language contained in a power of attorney." 1 Callaghan's Michigan Civil Jurisprudence, Agency, §§ 187–189, pp 309–311.

See *Penfold v Warner,* 96 Mich 179; 55 NW 680 (1893); *Bergman v Dykhouse,* 316 Mich 315; 25 NW2d 210 (1946); *Montgomery v Nevins,* 270 SW2d 427 (Tex Civ App, 1954); *Hall v Cosby,* 288

---

[1] "No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing."

Ala 191; 258 So 2d 897 (1972); 2A CJS, Agency, §§ 223–225, pp 922–926.

The power of attorney in the instant case specifically authorized Mrs. Kangas (1) "to apply for any benefits and make any claims in connection with any insurance policies" of which her husband was beneficiary, and to use the benefits as she saw fit and (2) to draw upon her husband's bank accounts, cash all checks payable to him, and pay all bills. Nowhere in this instrument is Mrs. Kangas specifically authorized to convey Mr. Kangas' real property. There is absolutely no reference in this document to real estate. Therefore, Mrs. Kangas was not authorized in writing to convey her husband's realty. Consequently, the quitclaim deed of September 8, 1971 is null and void.

Reversed. Costs to appellant.