AGUIRRE v SECULA

Docket No. 129110. Submitted January 14, 1992, at Detroit. Decided
    January 27, 1992; approved for publication April 22, 1992, at
    9:05 A.M.

Thomas Aguirre brought an action in the Wayne Circuit Court
    against Richard J. Secula, Lawrence Latka, and others, alleging
    breach of contract for the sale of real property and misrepre-
    sentation. The court, J. Phillip Jourdan, J., granted summary
    disposition for Secula and Latka, denied their motion for sanc-
    tions against the plaintiff, dismissed their counterclaim against
    the plaintiff, and denied their motion for summary disposition
    of their cross-claim against the other defendants. Secula and
    Latka appealed from the denial of the motion for sanctions.

The Court of Appeals *held:*

The trial court did not clearly err in finding that the plain-
    tiff's claim of fraudulent misrepresentation was not frivolous
    and in refusing to impose sanctions. Sufficient facts were
    pleaded and sufficient evidence was presented to indicate that
    the plaintiff reasonably could have believed that he had legal
    authority upon which to base his claim of fraudulent misrepre-
    sentation.

Affirmed.

MOTIONS AND ORDERS — FRIVOLOUS CLAIMS — SANCTIONS — APPEAL.

A trial court's finding that a plaintiff's claim is not devoid of any
    legal basis and therefore not frivolous is governed by the
    clearly erroneous standard of review.

*Rock & Borgelt, P.C.* (by *Robert C. Hall*), for the
plaintiff.

*Goldschmid & Kozma, P.C.* (by *Robert M.
Goldschmid*), for Richard J. Secula and Lawrence
Latka.

REFERENCES

Am Jur 2d, Damages § 616; Pleading § 26.
See the Index to Annotations under Frivolous Actions.

Before: HOOD, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Richard J. Secula and Lawrence Latka appeal as of right an order granting their motion for summary disposition and denying their motion for sanctions. Defendants argue that, because plaintiff's misrepresentation claim was devoid of any legal merit, sanctions are appropriate pursuant to MCR 2.114(F), 2.625(A)(2), and MCL 600.2591(3)(a); MSA 27A.2591(3)(a). We disagree and affirm.

Contrary to defendants' interpretation, plaintiff's misrepresentation claim was based upon a document that provided for assumption of the defendants' land contract and was included with the closing documents of the real estate transaction between plaintiff and defendants. Defendants' agents, Mitchell Breest and Russell Raftary, assured plaintiff that defendants approved of the assumption in spite of the cash mortgage provision contained within the original offer and acceptance. Defendants received the closing package before closing and gave no indication to either plaintiff or the brokers that they did not approve of the assumption and would not attend the closing.

Plaintiff originally filed claims of breach of contract and misrepresentation. However, following discovery, plaintiff's counsel agreed that the breach of contract claim was precluded because of the statute of frauds and agreed to dismiss the claim. Although defendants filed motions for summary disposition of both claims, the only real issue before the trial court was the misrepresentation claim.

Defendants assert that the trial court erred in denying their motion for costs and attorney fees and that they are entitled to costs and attorney

fees pursuant to MCR 2.114(F) and 2.625(A)(2) because plaintiff's claim was devoid of any legal basis and therefore frivolous. A trial court's finding that a plaintiff's claim is not frivolous is governed by the clearly erroneous standard. *DeWald v Isola,* 180 Mich App 129, 134; 446 NW2d 620 (1989).

In this case, although plaintiff's claim failed, sufficient facts were pleaded and sufficient evidence was presented to allow us to conclude that plaintiff could reasonably have believed that he had legal authority upon which to base a claim of fraudulent misrepresentation based upon the land contract assumption provision contained within the closing documents. See *State-William Partnership v Gale,* 169 Mich App 170, 178; 425 NW2d 756 (1988). Consequently, the trial court did not err in refusing to impose sanctions.

Affirmed.