THEISEN v. FOLKER.

1. BROKERS—LISTING AGREEMENT DOES NOT AUTHORIZE BROKER TO CONSUMMATE SALE.

A listing agreement, authorizing a broker to procure a purchaser on terms acceptable to the owner, did not authorize the broker to consummate a sale in the name of his principal.[1]

[1] Agency, 2 C. J. § 250.
Power of real estate broker to make contracts of sale, see notes in 17 L. R. A. (N. S.) 210; 23 L. R. A. (N. S.) 982.

2. SAME—RATIFICATION.
   Correspondence between the broker and the principal
   which did not refer to, mention, or identify the listing
   agreement or the contract made by the broker, *held*, not
   a ratification of the unauthorized contract.[2]

Appeal from Wayne; Hart (Ray), J., presiding. Submitted January 26, 1926.    (Docket No. 127.) Decided April 30, 1926.

Bill by Clarence Theisen and another against Arnold F. Folker and others for specific performance of a land contract.    From a decree dismissing the bill, plaintiffs appeal.    Affirmed.

*James F. Lane,* for plaintiffs.

*Lucking, Hanlon, Lucking & Van Auken,* for defendants.

BIRD, C. J.    This bill was filed by plaintiffs in Wayne county to specifically enforce an agreement with reference to real property.    After the hearing was concluded the trial court expressed himself, as follows:

"The present action is one brought by plaintiffs as purchasers to secure specific performance of an alleged land contract, wherein it is claimed defendants Folker and Block agreed to sell to plaintiffs a 120-acre farm in Canton township, Wayne county, Michigan.    The contract sued upon was not executed by the defendants, personally, but by the defendant Archa Woodworth, purporting to act as the agent of the remaining defendants, and is as follows:

" 'Received of Clarence Theisen and Julia Theisen, his wife, fifty ($50) dollars as part of purchase price of a certain farm located in Canton township, Wayne county, Michigan, 80 rods west of Canton Center rd. and 160 rd. south of Ford rd. known as the John Nash farm, being about 120 acres, more or less.

---

[2]Agency, 2 C. J. § 726.

" 'It is further agreed that the whole of the purchase price shall be $30,000, thirty thousand dollars, payable as follows: $14,950, fourteen thousand nine hundred and fifty dollars, when abstract is brought to date and a reasonable time to examine the abstract, not to exceed five days, and the balance at $750 every six months including interest.    Arnold F. Folker and Frank Block agree to give possession of the said above farm upon the down payment of $14,950 and a good warranty deed free and clear upon the final payment.

" 'ARCHA WOODWORTH,
Agent for Arnold F.
Folker and Frank
Block, with authority
to act, in writing.

" 'We accept the above contract to buy the above property.

" 'CLARENCE THEISEN,
" 'JULIA THEISEN.'

"The authority relied upon by the plaintiffs as justifying the action of the defendant Woodworth signing the said contract on behalf of the defendants Folker and Block, comprises a listing agreement, given by defendants Folker and Block to Woodworth. The material terms of the listing agreement as bearing upon the agent's authority, are the following:

" 'We hereby agree with Archa Woodworth if he procure a purchaser for our property as described on reverse side hereof, at price and terms which we will accept, we will pay a commission of five per cent. on selling price.    This listing to be fifteen days from date.'

"Mr. Woodworth testified that the listing was given him on February 9th and that on the same day or the day after, pursuant to such authority, he closed with plaintiffs the sale; that on the 11th day of February he wrote Mr. Folker a letter identified at the hearing, the body of which reads as follows:

" 'I wish to advise you that I have sold the 120-acre farm located in Canton township, Wayne county, Michigan, listed to me by yourself and Frank Block.    Terms to be as per your agreement, price to be $30,000 with a down payment of $15,000 when abstract is brought to date, and balance of $750 semi-

annually.    I am inclosing a certified check for $50 to bind that bargain.'

"The agreement in suit was not inclosed in the said letter, nor any advice conveyed to defendants Block and Folker as to the identity of the purchasers, nor was the fact stated that any contract had been executed nor the terms of such contract, except the price and installments mentioned in said letter.    The check was a personal check of Woodworth.

"In reply to this letter, Messrs. Folker and Block sent Mr. Woodworth, as identified on the hearing, reading as follows:

" 'We herewith return to you your check for $50 inclosed in your letter of..........thinking it advisable not to accept any deposit until Mrs. Nash has obtained one or two quitclaims necessary to enable her to execute her contract with us.    We have prepared such quitclaims and forwarded them to Mrs. Nash and anticipate she will have them executed and returned to us in the matter of a few days.    Upon receipt of these quitclaims we will record them and have an abstract brought to date.    You can then have your purchaser call at Mr. Folker's office for the purpose of making his deposit and signing a formal agreement with us.'

"Besides claiming that Mr. Woodworth was sufficiently authorized to execute the contract by virtue of the authority contained in the listing agreement, plaintiffs also claim that Mr. Woodworth's action was sufficiently ratified by Messrs. Folker and Block in their said letter.

"The listing agreement above set forth authorizing Mr. Woodworth to procure a purchaser does not authorize him to execute and consummate a sale of the land in his principals' behalf.    The language does not purport to give authority to Mr. Woodworth to complete the sale but only contains a promise of the defendants Folker and Block to pay a commission to Mr. Woodworth in case he find a purchaser.    He has no authority to make a contract of sale.    Defendant Woodworth having no authority 'to sell' therefore could not make an agreement binding upon defendants Folker and Block.    *Landskroener* v. *Henning*, 221 Mich. 558; *Jefferson* v. *Kern*, 219 Mich. 294.

234—Mich.—35.

"This is not a matter to determine whether Woodworth would be entitled to commission or not but is to determine whether defendants Folker and Block are bound by the contract of sale made by Woodworth to plaintiffs.

"The letter from Folker and Block to defendant Woodworth, under date of February 13, 1925, does not refer to, mention or identify the listing agreement between Folker and Block and Woodworth, nor to the contract made between the plaintiffs and defendant Woodworth.   Inasmuch as the listing agreement does not give Woodworth authority to sell the said land, the said letter from defendant Woodworth to the other defendants does not and cannot ratify the alleged sale.   *Hewett Grain & Provision Co.* v. *Spear,* 222 Mich. 608.

"The relief sought by the plaintiffs herein will therefore be denied and the bill dismissed.

"RAY HART,<br>"Circuit Judge,<br>Presiding."

This opinion being in accord with the views of the court, it will be made the opinion of the case.   For a valuable note on the main question, see 17 L. R. A. (N. S.) 210.

The decree is affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.