### In re HALLBAUER.

(District Court, S. D. Florida. December, 1920.)

Bankruptcy ⊙=184 (1)—Mortgage on car in salesroom of bankrupt held invalid against trustee.

A chattel mortgage on an automobile in the salesroom of a dealer, even though recorded, was not good as against subsequent creditors without actual notice, and hence not good as against the trustee in bankruptcy; such automobile being dealt with by the dealer as his own property, which he had full power and right to sell.

In Bankruptcy. In the matter of A. L. Hallbauer, bankrupt. On petition of the General Securities Company for delivery of an automobile in possession of the trustee, or for permission to foreclose a mortgage thereon. Petition denied.

See, also, 275 Fed. 125.

N. B. K. Pettingill, of Tampa, Fla., for petitioner.
Jackson & Withers, of Tampa, Fla., for trustee.

CALL, District Judge. This cause coming on to be heard upon the petition to review an order of the referee upon the petition of the General Securities Company that a certain automobile in the possession of the trustee be either delivered to it or that it be authorized to foreclose a mortgage upon said automobile held by it to secure a promissory note in the amount of $3,366 and exceptions filed by the trustee. The referee heard the testimony of the witnesses and made findings of fact, which seem to be supported by the testimony accompanying the referee's certificate, as follows:

The mortgage in question was duly executed on January 20, 1920, and filed for record on January 24th, to secure a loan from the petitioners to the bankrupt of $3,366, made on the first-named day; that said car remained in the possession of the bankrupt in his salesroom, and was offered for sale with the other cars therein; that the agent of petitioner from time to time checked cars in the possession of the bankrupt upon which petitioner had mortgage and other liens, and it was within the knowledge of the petitioner that said car was offered for sale along with other cars in the salesroom of the bankrupt.

Upon this state of facts the referee overruled the exceptions filed by the trustee. It is this order which is sought to be reviewed in this proceeding. It is but justice to the referee to say that apparently the ruling was the result of following an order made by the judge of this court in a chancery case.

Since the making of the order in the chancery case, I have had occasion in this and other cases to make a fuller examination of the ques-

---

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tions here involved, and have reached the conclusion that I erred in the ruling relied upon by the referee. Among the recent cases I have examined is Boice v. Finance & Guaranty Corporation, 127 Va. 563, 102 S. E. 592, 10 A. L. R. 654, a case decided by the Virginia court, where the question arose between the mortgagee and purchaser of an automobile, and seems decisive of the question here involved.

It is evident from the record of this case that the bankrupt was a dealer in automobiles doing business in the city of Tampa, with salesrooms where such automobiles were exhibited for sale, with salesmen demonstrating such cars with a view of making sales of same. It is also evident that the petitioner was fully cognizant of such facts, and, being so cognizant, allowed the automobile to remain in the possession of the bankrupt and be offered for sale and dealt with as his property which he had full power and right to sell. In the instant case the loan was made on January 20, 1920, recorded the 24th of said month, and bankruptcy proceedings commenced May 8th.

As I understand the cases on this subject, the recordation of the mortgage and the constructive notice attached to such recordation will not validate the lien as against subsequent purchasers or creditors under conditions above stated. The trustee, under the amendment to the Bankruptcy Act (Comp. St. §§ 9585–9656), occupies the position of a judgment creditor. In this class of cases it is not a question of actual fraud; the law strikes down such a mortgage, because in the contest between the lienor and a creditor, the lienor, who by his acts has placed it within the power of the debtor to secure credit on the strength of the possession of the property and apparent dominion over it, must suffer rather than the creditor. Actual notice of the lien would present a different question in the case of a purchaser. I quote from the case above referred to:

"Property bought for the express purpose of daily indiscriminate sale to the general public, exposed for such sale at the place of business of a licensed dealer, and over which the dealer is permitted to exercise the dominion of owner, cannot be made the subject of a valid chattel mortgage regardless of its size, value, or capacity for identification. The powers which the dealer is permitted to exercise over the property in such case are inconsistent with a mortgage thereon."

I am therefore of the opinion that the trustee's exceptions should have been sustained, and the petition denied.