FINANCE AND GUARANTY COMPANY *vs.* THE DEFIANCE MOTOR TRUCK COMPANY.

*Conditional Sale of Chattel—Notice from Record—Estoppel.*

Where a contract for the sale of a motor truck, reserving title in the vendor until payment of the price, was recorded as provided by Code, art. 21, sec. 53A, a subsequent purchaser from the vendee is charged with notice of the rights of the original vendor, and the latter is not estopped to assert such

rights by reason of the fact that its vendee was an automobile dealer, to whom it delivered the truck for resale.     pp. 99-104

While the fact that the vendee was a dealer might justify the inference that the vendor knew that the vendee intended to sell the truck, it does not follow that the vendor knew that the vendee intended to sell it before paying for it, or that he was authorized to sell it before paying for it.          p. 103

*Decided February 1st, 1924.*

Appeal from the Superior Court of Baltimore City (Gorter, C. J.).

Action of replevin by the Defiance Motor Truck Company against the Finance and Guaranty Company. From a judgment for plaintiff, defendant appeals.   Affirmed.

The cause was argued before Briscoe, Thomas, Pattison, Urner, Adkins, and Offutt, JJ.

*William Lentz,* with whom were *France, McLanahan & Rouzer* on the brief, for the appellant.

*Frank Gosnell,* with whom were *George Weems Williams* and *Marbury, Gosnell & Williams* on the brief, for the appellee.

Offutt, J., delivered the opinion of the Court.

The appeal in this case is from a judgment of the Superior Court of Baltimore City in favor of the appellee, in an action of replevin brought by it against the appellant, for the recovery of a motor truck which it had sold under a conditional sales agreement to the Allegany Motor Company, which had sold it to one Whitacre under a similar agreement, which it assigned to the appellant.

The Defiance Motor Truck Company is an Ohio corporation engaged in the manufacture and sale of motor trucks, and on January 31st, 1923, it sold the truck involved in this

case to the Allegany Motor Company, a corporation, and a licensed automobile dealer with offices and show rooms in Cumberland, engaged in the business of buying and selling automobiles, and on the same day the vendor and the vendee executed a conditional sales agreement to secure the payment of a balance of $1,975.54 due on account of the purchase price of the truck, which was on January 31st, 1921, recorded among the Miscellaneous Records of Allegany County. The agreement, which was duly acknowledged on behalf of the vendee, was in the following form:

> "In consideration of the Allegany Motor Co., Inc., of the City of Cumberland, State of Maryland, to pay the seller or their assigns the sum of one thousand nine hundred and seventy-five and 54/100 dollars on or before the fourteenth day of March, 1921.
>
> "The Defiance Motor Truck Company, of Defiance, Ohio, hereby sells to Allegany Motor Co., Inc., and Allegany Motor Co., Inc., purchases, 1 Model 'D' 1½-ton chassis; cab complete with curtains and windshield, regular pneumatic tires. Prest-O-Lites and Kellogg Tire Pump. 1 5 ft. 9 in. by 10 ft. flare side express body. Truck No. 2009.
>
> "It being understood and agreed that the title to the said property shall remain in The Defiance Motor Truck Company until it is fully paid for, and that upon failure to pay for the same as agreed, The Defiance Motor Truck Company or its assignee may take possession of the property wherever found and sell the same at private sale without notice, paying the purchaser the balance, if any, after deducting the amount due The Defiance Motor Truck Company, with costs and reasonable attorney's fees.
>
> "Dated this twentieth day of January, 1921."

The Allegany Motor Company bought the truck for resale and, when it secured possession of it, it was placed in its show or store room in Cumberland, and on March 12th, 1921, it sold it to William F. Parsons, and the company took from him a conditional sales agreement to cover the unpaid bal-

ance of the purchase price, amounting to $2,361.33.   It assigned that agreement to the appellant in this case, and later that company reassigned it to the Allegany Motor Company.   Parsons defaulted in his payments on the truck, and it came again into the possession of the Allegany Motor Company, which then sold it to John T. Whitacre for $2,645, of which $1,058 was paid in cash and the balance secured by a conditional sales agreement which was likewise assigned to the appellant.   Whitacre also defaulted in his payments, and the appellant, in April, 1922, took possession of the truck and thereafter sold it for $425.   In September, 1922, the Defiance Motor Company, in order to learn where the truck was, through its sales and service departments, addressed to the appellant the following two letters:

"Sept. 13, 1922.

"Finance & Guarantee Co.,
    "Baltimore, Md.

"Gentlemen:

"We are endeavoring to check up our service records as to the ownership of truck No. 2009, engine No. 103.

"Our original records indicate that this truck was sold to the Allegany Motor Sales at Cumberland, Md., but we since have learned that it has passed through a number of hands, and the last transfer was taken care of through some Baltimore finance house.

"We would greatly appreciate your checking into your records to see if your company has ever financed this truck, and if so, can you tell us the owner of same?

"A stamped, addressed envelope is enclosed for your information.

        "Yours very truly,

                "The Defiance Motor Truck Company.
                    "G. N. Bruggner,
                        "Sales Department."

"September 21, 1922.

"Finance & Guaranty Co.,
    "Sun Life Bldg.,
        "Baltimore, Md.

"Gentlemen:

"We have learned rather indirectly that you may be in position to tell us who is the present owner of truck No. 2009, engine No. 103, Model 1½-ton Defiance.

"We maintain within this department a complete and accurate record as to the ownership of all trucks of our manufacture, so that in case of service and the replacement of parts these matters can be handled promptly and efficiently.

"In order to maintain this record accurately, we would like to inquire if you can tell us the present owner and his address.

"We enclose herewith stamped, addressed envelope, and would greatly appreciate this favor.

            "Yours very truly,
                "The Defiance Motor Truck Company.
                        "A. Haviland,
                        "Service Manager."

To those letters the appellee sent this reply:

                        "September 23, 1922.

"The Defiance Motor Truck Co.,
    "Defiance, Ohio.

"Gentlemen:

"In reply to your communication under date of September 21st, in regard to Defiance Truck, Serial No. 2009, Motor No. 103, Model D, 1½ ton, wish to state that this truck was repossessed from Mr. John F. Whitacre, Cumberland, Md. The sale of this truck to Mr. Whitacre was made by the Allegany Motor Company.

"We now have this truck in our possession and there is balance on same of $1,269.60. If you can suggest any way in which we can dispose of this truck for anywhere near the amount we have involved, we would certainly deem it a great favor. The truck has been

thoroughly overhauled and practically rebuilt and is in excellent shape.

"Kindly let us hear from you at your earliest convenience and oblige,

"Yours very truly,

"Special Representative."

Default having been made in payments of the balance covered by the conditional sales agreement between the motor company and the Defiance Motor Truck Company, the appellee demanded of the appellant that it return the truck. The appellant refused to comply with the demand on the ground that it had had no actual notice of the conditional sales agreement, and that, as an innocent purchaser for value without notice, it was not affected by any equities growing out of the relations between the Defiance Motor Truck Company and the Allegany Motor Company. The appellee then brought this suit against the appellant to secure possession of the truck, and the verdict and judgment being against the defendant, it took this appeal.

The only exception found in the record relates to the court's rulings on the prayers, and it rests upon the proposition that the appellee, having no actual knowledge or notice of the conditional sales agreement between the appellee and the Allegany Motor Company, was not in any way bound or affected thereby. In support of that proposition it contends that, regardless of any statute in force in this State relating to conditional sales agreements, it would be contrary to public policy to permit a manufacturer to retain a lien under such an agreement on a truck sold to a dealer who might resell it, because the existence of such a lien is inconsistent with the dealer's right to resell, and might result in loss to innocent purchasers for value. The plain answer to that contention is that the public policy of a state is the policy which its people speaking through their legislature adopt, and where a legislative act is clear and explicit, the courts are bound by and must obey it unless it contravenes some provision of the Constitution. And in answer to the suggestion that the

operation of the statute under circumstances such as those involved in this case may result in loss to an innocent purchaser for value, it is sufficient to say, first, that if that is so, then it must be corrected by the legislature and not by the courts, and second, that it is without substantial merit, because where such an agreement is spread on the public records under the provisions of a public general law, any person of ordinary prudence would, by the exercise of reasonable care, learn of its existence before purchasing property affected by it. Section 53 A, Article 21, C. P. G. L. of Md. provides: ":Every note, sale or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved until the same be paid in whole or in part, or the transfer of title is made to depend upon any condition therein expressed, and possession is to be delivered to the vendee, shall, in respect to such reservation and condition, be void as to third persons without notice until such note, sale or contract be in writing, signed by the vendee, and be recorded in the Clerk's Office of Baltimore City, or the Counties, as the case may be, where bills of sale are now recorded; and such recording shall be sufficient to give actual or constructive notice to third persons when a memorandum of the paper writing, setting forth the date thereof, the amount due thereon, when and how payable and a brief description of the goods and chattels therein mentioned shall have been recorded, but it shall not be necessary that said paper writing be acknowledged or an affidavit made to the consideration therein expressed as in the case of bills of sale." The appellee complied with all the requirements of that statute by recording in the office of the Clerk of the Circuit Court for Allegany County the conditional sales agreement upon which its claim in this case is founded and, according to the express language of the statute, all persons affected by that agreement were thereupon charged with constructive notice thereof.

The appellant, however, while it concedes that the statute is valid, and that it applies to this particular transaction,

contends that the appellee is estopped from relying upon it because, he says, it delivered the truck to the Allegany Motor Company for resale, and thereby conferred upon that company such obvious and apparent *indicia* of unconditional ownership that it was thereby enabled to sell the truck as an unconditional owner thereof to an innocent purchaser, who relied and was entitled to rely upon the apparent title which the Allegany Motor Company had in the property.

The weakness of that proposition lies in the fact that it ignores the statute, which charged the appellee with constructive notice of the agreement, whereby the title to the truck was reserved to the appellee. For it is axiomatic that the constructive notice afforded by recording statutes is equivalent to actual notice as to any instrument recorded in compliance with their terms. For, as stated in 20 *R. C. L.* 342: "Constructive notice, strictly speaking, is ineffective unless there is a statute providing therefor. Where constructive notice is provided for, it has the same effect as actual notice, and binds equally. Whether actual information thereof came to the party to be charged is immaterial. Where facts exist authorizing the application of the doctrine of constructive notice the inference of notice is not rebuttable." And if the purchaser had notice of the existence of the conditional agreement, he also had notice that the Allegany Motor Company, notwithstanding its possession of the truck, was not the unconditional owner thereof, and it is not apparent in that case how the appellee can be estopped from asserting a title of which he had given public notice in the very manner provided by the law. For if the statute does not apply to such a case as this, it is hard to see to what case it could apply, for it was manifestly intended to apply to transactions in which the vendor of chattels, to secure the payment of the purchase money therefor, retains the title thereto although possession of them is transferred to the vendee.

The general principles applicable to such facts as those

before us have been stated thus: "In the sale of chattels property will pass or not, according to the intention of the parties, as expressed in the contract of sale; and at common law the validity of contracts of sale under which the title is reserved or retained in the seller, until the performance of some condition precedent, usually the payment of the price, though the possession is delivered to the buyer, are universally upheld as between the parties and those claiming under the buyer as volunteers or with notice of the buyer's want of title. * * * In the absence of statutory provisions to the contrary, it is generally held that the reservation of title in the seller is valid against levying creditors of the buyer, and even as against *bona fide* purchasers for value without notice of the buyer's want of title. This is in pursuance of the general rule that one in possession of a chattel as bailee or the like can transfer to a third person no greater right or interest than he himself possesses, and in this connection the statement of an early English writer (1 Shep. Touch. 118) that 'when a man hath a thing he may condition with it as he will' has frequently been quoted with approval. * * * The fact that the commodity sold is of such a character or the circumstances surrounding the sale are such that consumption in its use or the right of the buyer to resell without first paying the price may be implied or is expressly given is held insufficient to subject it to levy, as against the seller, at the suit of creditors of the buyer or to entitle the buyer's assignee for the benefit of creditors or his receiver or the like to claim the same as against the seller." 24 *R. C. L.* 454, *et seq.* And the same principles were announced in somewhat different language in the case of *Levi* v. *Booth,* 58 Md. 311, where it was said: "It is certainly a well established principle of the common law, founded, as it would seem, upon a maxim of the civil law, *nemo plus juris in alium transferre potest quam ipse habet,* that a sale by a person who has no right or power to sell, is not effective as against the rightful owner. * * * At the common law, therefore, a person in possession of

goods cannot confer upon another, either by sale or pledge, any other or better title to the goods than he himself has. To this general rule there is an apparent exception in favor of *bona fide* purchasers or pledgees, where the party in possession making the sale or pledge has a title defeasible on account of fraud, or by reason of a condition in the contract of sale under which he holds. *Hall* v. *Hinks,* 21 Md. 400; *Donaldson* v. *Farwell,* 93 U. S. 631. * * *   If, however, the real owner of the goods has so acted as to clothe the seller or pledgor with apparent authority to sell or pledge, he will, even by the common law, be precluded from denying, as against those who may have acted *bona fide* on the faith of that apparent authority, that he had given such authority, and the result, as to them, is the same as if he had really given it; but it is, of course, otherwise in respect to those who may have acted with notice of the want or limitation of authority in point of fact." In this case, as in that, there is no evidence which shows any express authority to the Allegany Motor Company to sell the truck, but the appellant assumes that such authority must be implied from the fact that the vendee was an automobile dealer. But while it might be inferred from that fact that the appellee could have known from the nature of its vendee's business that it intended to sell the truck, it does not follow that it must have known that he intended to sell it before he paid for it, or that he was authorized to sell it before he paid for it. The only extent to which the principles announced in the authorities cited above have been modified by the statute is that, in the case of conditional sales agreements, constructive notice of their contents may be given by recording them in accordance with its provisions. And reading the authorities to which we have referred in connection with that modification, we have no difficulty in reaching the conclusion that the appellant in this case was charged with notice of the conditional sales agreement under which the Allegany Motor Company gained possession of the truck, and that when it acquired the truck

appellant took it subject to the rights reserved to the appellee under that ageement.

We have been referred to cases from other jurisdictions which the appellant asserts support its contention, but in so far as those cases support the proposition that the courts may, in the teeth of the plain language of a statute, strike down a solemn and binding contract between competent parties upon some vague and nebulous ground of public policy, they conflict with the decisions of this Court and we cannot accept either their conclusions or the reasons upon which they rest. Appellant also relies upon the case of *Meyers* v. *Neely & Ensor Auto Co.,* 143 Md. 107, in which this Court supported the lien of a mechanic for repairs to an automobile made at the instance of the vendee under a conditional contract of sale. But that case is not in point, since it turned upon the existence or not of an implied agency to contract for the repairs, and did not raise the question presented by this appeal.

It follows from what has been said that we fully concur in the conclusion reached by the learned court below upon the only question raised by the rulings involved in the exception before us, and we will therefore affirm the judgment appealed from.

*Judgment affirmed, with costs to the appellee.*