## Globe and Rutgers Fire Insurance Company v. Porter.

(Decided February 8, 1927.)

### Appeal from Pike Circuit Court.

1. Insurance—In Assignee's Action on Fire Policy, Insurer Held Bound by Act of Former Agent Consenting to Assignment, in Absence of Notice of Termination of Agency.—Insurer which withdrew agent's authority without notice to policyholders or their assignees was bound by consent of former agent to assignment of fire insurance policy, where former agent had countersigned policy and consented to former assignment while duly authorized; company being liable to assignee of policy in his action thereon, though assignee may not have known of existence of former agency prior to time of purchase of property which policy covered.

2. Principal and Agent—Principal is Bound by Transaction of Former Agent with Third Person Ignorant of Termination of Agency, in Absence of Giving Notice of Termination.—Where third person transacts business with one holding himself out as agent, former principal is bound by agent's acts, unless public notice has been given of termination of agency or third person is informed of agent's discharge.

3.  Stipulations—Stipulation will Not be Construed as Agreement to
    Matters Shown to be False.—Stipulation will not construed to
    mean that parties agreed to facts shown by evidence to be false.

MOORE & CHILDERS for appellant.

PICKLESIMER & STEELE and B. M. JAMES for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On the first day of October, 1921, a policy of fire insurance was issued by appellant to William White covering a dwelling house to the extent of $2,000.00, and a premium then and there paid by said White of $45.00. The policy was countersigned by W. W. Reynolds, agent of appellant at Pikeville, Kentucky. Thereafter White sold the property covered by the policy to James W. Steel and appellant on the 31st day of December, 1921, consented to the assignment of the policy from White to Steel by its written indorsement on the policy, which indorsement was signed by W. W. Reynolds as agent. Thereafter James W. Steel conveyed the property covered by the policy to the appellee, Martin Porter, and on the 5th day of February, 1923, he forwarded the policy to Reynolds and Culbertson at Pikeville, Kentucky, with the request that they approve the assignment of the policy to appellee and return it to appellee at Amba, Kentucky. On the 6th day of February, 1923, appellant, through its written indorsement on the policy, consented to the assignment made by J. W. Steel to the appellee and this indorsement is signed by W. W. Reynolds as agent for appellant.

The house covered by this policy was destroyed by fire on April 2, 1923, and appellant having refused to pay the loss, this suit was instituted by appellee to recover the sum of $2,000.00.

The insurance company admits the issual of the policy to William White and the assignment thereof to James W. Steel and admits that W. W. Reynolds was its local agent at Pikeville and in the territory where the property covered by this policy was situated at the time the policy was issued and at the time it was assigned to Steel, but denies that he was the agent of appellant when the policy was assigned to appellee and makes the allegation that the authority of said Reynolds to act as agent for appellant was revoked on the 6th day of July, 1922.

and that he was discharged on that day and thereafter had no authority to act as agent for appellant. As the policy was assigned to appellee on the 6th day of February, 1923, the insurance company says that it is not bound because the policy was rendered void by reason of its assignment without the consent of the insurance company. Appellant introduced as a witness its general agent in Kentucky, James C. Terry, of Louisville, who testified that on or about July 6, 1922, W. W. Reynolds was discharged as the agent of appellant and his commission taken up and all of his authority revoked. He further testified that Reynolds transacted no business for the insurance company after that date so far as he was aware. It appears from all of the evidence that appellant took the supplies of Reynolds in July, 1922, and ceased writing insurance in that particular territory. It appears to have been an informal proceeding, and Reynolds testified that it was his understanding that the company had ceased to write insurance in the territory and withdrew the supplies from him, but he did not understand that he was discharged or that he was not to have the right in the future to approve assignments of policies. Mr. Reynolds admits that he signed the indorsement on the policy transferring it to appellee as agent, but he has no independent recollection of the transaction. In approving the assignment he was acting for appellant as he understood it. He was not writing insurance for the company, according to his testimony, when this assignment was made, but he says that he had assisted in writing insurance during the year that the assignment was made and that the company had accepted his services as agent in transferring policies from one person to another, or that he supposed the company had accepted his services in that respect as he had heard nothing to the contrary. At the time this assignment was made Mr. Reynolds says that he was acting in good faith for the company in making the assignment. The company, according to Mr. Reynolds, had withdrawn from the territory at the time this assignment was made so far as writing insurance was concerned, but it had canceled no policies that were in force; that the company had taken up the supplies but he continued to make assignments of policies for appellant after it ceased to write insurance and that these assignments which he made were brought to the attention of the company. Reynolds does not think

that he ever had any written authority from appellant to act as its agent, but he did have a license from the insurance department for his agency.   Soon after appellant took up the supplies some assignments were sent to Mr. Reynolds from the office of the general agent at Louisville for the purpose of having the policy transferred, and Reynolds states that he refused to sign them at the time, but soon after a Mr. Hannon, the special agent of the company, came to his office and induced him to make the assignment.   At that time he was instructed by Hannon to look after the policies in making the assignments in the same manner that he had before his supplies were withdrawn.   It is true that Hannon denies that he requested Reynolds to still continue to act for the company. We mention these things as it shows there is some question as to whether the right of Reynolds to represent the company in the assignment of this policy had been revoked, but it may not be necessary to determine this question under the facts and the law covering this case.

The real question for consideration is whether or not the insurance company is bound by the acts of its former agent, admitting for the present that Reynolds had been discharged and his authority revoked.   It is admitted that the insurance company did not give notice to the policyholders within that territory that Reynolds had been discharged, and it is admitted that the insurance company did not give public notice of any kind of the discharge of Reynolds as its agent.   It is the general rule that, where a third person transacts business with one holding himself out as an agent although the agency has been terminated, the former principal is bound unless public notice was given that the agent had been discharged or unless knowledge is brought home to the third party in some way of the termination of the agency. This general rule of law is admitted by counsel for appellant, but they say there is a well defined exception to the rule and that the exception is that where a third party is without previous knowledge of the existence of the agency and has no knowledge of the existence of the agency after it has been terminated until the time of the transaction in question.   It is argued that a third party cannot rely upon the failure of the principal to give notice or that he was without actual knowledge of the discharge of the agent when he never knew of the existence of the agency until the transaction which is brought in question.

There is a stipulation in the record wherein it is agreed that appellee did not know that W. W. Reynolds was the agent of appellant until the assignment of the policy sued on was made from Steel to Porter, and that he first learned of the agency on the day and at the time the assignment was made, as he had a conversation with Reynolds about his authority at that time. If this stipulation means that appellee had no knowledge of the agency of Reynolds until he had a conversation with Reynolds about his authority at the time the assignment was made, the stipulation contradicts the evidence in the case and we will not construe it to mean that the parties agreed to something which was not true. On the day before the assignment was made Steel wrote a letter to Reynolds in which he set out that he had sold his property to appellee and requested Reynolds to indorse the assignment on the policy. It is not probable that Steel did this without the knowledge of appellee, but we are not confined to the assumption based upon the letter that appellee knew that Porter was the agent or had been the agent of the company before the assignment was approved by Reynolds as agent. Appellee testified that he purchased the property from Steel on the 5th day of February and that it contained the indorsement of W. W. Reynolds, agent, and that on the next day it was assigned to him. When asked how he happened to go to W. W. Reynolds to have the transfer made appellee said:

"Because he wrote the policy and had made the transfer from William White to Steel, which was shown by said written assignment, and I thought that he was the agent of the company with authority to make the transfer on behalf of the company. He represented to me and James W. Steel that he was the agent for the defendant and I relied upon him to properly execute the transfer of the policy."

He said that appellant had no other agent in Pike county and that W. W. Reynolds had been acting solely for the appellant in his community and in Pike county. It will be seen from this evidence that appellee had knowledge of the fact that W. W. Reynolds had been the agent or was the agent of the company before the day that the assignment was made of the policy to him and

that he did not learn of the agency of Reynolds as he had a conversation with Reynolds about his authority at the time the assignment was made.

But be all of this as it may, the fact remains that the policy was transferred to appellee by Reynolds, who had previously been the agent for appellant, with authority to make the transfer. Counsel for appellant come with much respectable authority insisting that appellee cannot avail himself of the benefit of Reynolds' having been agent for appellant with power to transfer policies, for the reason that appellee knew nothing about his agency until he purchased the property from Steel. Regardless of what the rule may be in other jurisdictions or what the text writers may say about it, the question presented in this record has been decided in the case of Gragg v. Home Insurance Company of New York, 139 Ky. 472. That opinion is bulwarked with authorities supporting the conclusions therein reached, and we are unwilling to depart from the doctrine announced in that case because we believe it is sound. It was there held that Gragg, who was the man to whom the policy of insurance had been assigned, was entitled to such information of the revocation of Wait's (the agent's) authority as would be sufficient to give a person of his prudence notice that his agency had terminated. The court in that case held that the third party to whom an insurance policy had been transferred by one who had been an agent was entitled to some character of notice that the agency had terminated although such third party had no previous dealings with the agent. It is admitted that appellee had no character of notice, and with that admission in the record we must conclude that the lower court acted within the law and the facts in rendering a judgment for appellee. It may be that the judgment could be upheld on the ground that the agency of Reynolds, so far as his authority to transfer policies was concerned, had not been terminated, but it is unnecessary to go into that question as the lower court was right in either event.

Judgment is affirmed.