## ANTHONY PESSAGNO *v.* MEYER J. SALABES.

[No. 59, April Term, 1930.]

*Decided June 24th 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Arthur R. Padgett,* with whom was *Edwin J. Wolf* on the brief, for the appellant.

*Joseph Bernstein,* with whom were *Rosenbush & Bernstein* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The plaintiff, in a suit in replevin to recover a diamond ring from a pawnbroker, presents for review on appeal an exception to the refusal of his prayer for a ruling of law that if he should be found on the evidence to have been owner of the ring and to be still owner of it, and to have delivered it to one Margaret Renner for the purpose of having it repaired, and that Margaret Renner had pawned it without his knowledge, consent, or authority, then he would be entitled to recover it from the pawnbroker. After the refusal of that prayer a verdict was rendered for the defendant, and judgment entered accordingly. The plaintiff gave testimony of a delivery to Margaret Renner as stated, for the sole purpose of having it repaired while he was confined in jail, and denied having given her any authority to pledge. Margaret Renner was not produced as a witness, and the evidence of her authority is to be found only in the plaintiff's testimony. We find no evidence upon which it might be held that the plaintiff, even though he gave no express authority to pledge, was estopped by reason of having given apparent authority, or by reason of having acquiesced in the exercise of such authority by Margaret Renner, and there is no contention that there was such an estoppel. The defendant appears to have been entirely innocent of wrongdoing in the transaction. The question of law is, then, merely whether a bailee found to have possession of plaintiff's property, but without authority to pledge it, could pass any rights by an attempted pledge to an innocent pledgee? It seems to this court that the question is settled contrary to the trial court's ruling by the decision in *Levi v. Booth,* 58 Md. 305, a decision which

is in accordance with the rule generally accepted. See review of cases, *Ann. Cas.*, 1913C, 1290; *Finance & Guaranty Co. v. Defiance Motor Truck Co.*, 145 Md. 94, 102. The bailee could not pass any rights to the pledgee, and the plaintiff could maintain replevin. And the rejection of the prayer so stating the law constituted an erroneous ruling.

Objection is made that the prayer, in submitting, as one of its hypotheses, that the plaintiff is still owner of the ring, submitted a question of law, contrary to the office of a prayer, but we do not see the force of that objection. The prayer submitted this as one of the facts to be found "by the court. sitting as a jury," as prerequisites to a verdict for the plaintiff. There is no substantial ground for fearing that the court may have been misled as to the meaning of the prayer.

> *Judgment reversed and a new trial awarded, with costs to the appellant.*