BERNHAGEN and another, Appellants, vs. MARATHON FINANCE CORPORATION and another, Respondents.

*September 11—October 10, 1933.*

For the appellants there was a brief by *Martens & Meleski* of Stevens Point, attorneys, and *Alfred W. Gerhard* of Wausau of counsel, and oral argument by *Mr. Gerhard*.

For the respondents the cause was submitted on the brief of *Gorman, Boileau & Park* of Wausau.

FRITZ, J. Plaintiffs claim that they were entitled to the automobile in suit by reason of their purchase thereof from A. J. Wood for $659.10, which they paid him on June 3, 1930, upon the delivery of the automobile to them by Wood at his sales garage. The defendant Marathon Finance Corporation, on June 6, 1930, demanded and took possession of the automobile under a chattel mortgage, duly recorded May 19, 1930, which had been executed in its favor by Wood, on May 17, 1930, to secure the payment of $530 then advanced by the mortgagee to Wood, and used by him in purchasing the automobile from the manufacturer. During the course of two years prior to June, 1930, Wood, as a dealer and distributor of automobiles, sold and delivered to plaintiffs, who were also automobile dealers, about twenty automobiles, on which the Marathon Finance Corporation also had mortgages executed by Wood for purchase money advanced to him to pay the manufacturer. As he sold each of those automobiles to plaintiffs, he collected the purchase money from them and then used part of the proceeds of the sale to settle with the Marathon Finance Corporation for the discharge of its mortgage on that automobile. Plaintiffs had also received advances from the Marathon Finance Corporation on sales of automobiles made by them, but as security for such advances had transferred conditional sales contracts executed by plaintiffs' vendees.

The Marathon Finance Corporation relied upon proof that about six weeks prior to June 3, 1930, it had notified Wood that he could make no sales of mortgaged automobiles

without the approval of its representative, Earl McIlraith; that Wood then gave one of the keys to his garage to Mc-Ilraith, who thereafter was in and about the garage part of the time, and checked the automobiles on which his principal had mortgages; that plaintiffs knew that McIlraith, on behalf of his principal, was watching Wood's sales and asked McIlraith to advise them immediately if they happened to purchase a car that was not paid for by Wood; and that about eight cars were sold by Wood, but that McIlraith approved those sales and received for his principal the proceeds thereof from Wood.

On the other hand, there was testimony by plaintiffs that they did not know that McIlraith was checking the cars or what he did while in Wood's garage; that McIlraith did not tell them, as he had testified, that his principal had a mortgage on all new cars in Wood's garage; and that during those six weeks Wood and his wife were left in charge of the garage and were apparently transacting business as usual so far as the public was concerned.

The trial court found that the sale by Wood of the automobile in question to plaintiffs and Wood's appropriation of the proceeds thereof was a fraud upon the Marathon Finance Corporation; that the sale was made without its authority, and without any intentional waiver, as to this specific automobile, of its mortgage lien thereon; and that on June 3, 1930, and prior to said sale, plaintiffs had knowledge of that chattel mortgage and lien, and had no sufficient grounds to believe that Wood had any right to sell the automobile for cash and to receive or appropriate the proceeds to its own use. The court concluded that the Marathon Finance Corporation was entitled to recover from plaintiffs the amount of its lien on the automobile.

Plaintiffs contend that the court erred in finding that plaintiffs were negligent in the purchase of the car; and in not finding that the Marathon Finance Corporation has

become estopped to insist on its lien because of its previous conduct in allowing Wood to make sales and to settle afterwards with the mortgagee for its lien.

The manner in which the Marathon Finance Corporation permitted Wood, during the two years preceding the last six weeks prior to June 3, 1930, to sell and to collect from purchasers the proceeds on sales of automobiles on which it had mortgages amounted to the acceptance by the mortgagee of Wood's personal promise to apply such proceeds on the mortgage debt in lieu of the mortgaged security; and resulted in a waiver by the mortgagee of its lien upon such automobiles, so far as such purchasers were concerned. *Southern Wisconsin Acceptance Co. v. Paull,* 192 Wis. 548, 550, 213 N. W. 317. By reason of such acquiescence, on the part of the mortgagee, in Wood's sale of mortgaged automobiles, and his collections of the proceeds thereof, there arose apparent authority in Wood to sell automobiles mortgaged by him to the Marathon Finance Corporation free and clear of the mortgagee's lien thereon, so far as purchasers, like the plaintiffs, who had knowledge of such dealings during the course of those two years, were concerned.

That being true, such apparently continuing authority on Wood's part to sell automobiles so mortgaged free from the liens of the latter's mortgages, may be presumed to continue so far as such purchasers were concerned who relied thereon, notwithstanding the mortgagee's revocation of such authority, in the absence of knowledge or notice to such purchasers of the revocating event. 2 Mechem, Agency (2d ed.) § 628. Although ordinarily no particular form of notice to a third person is necessary to give effect to a revocation of authority, and it is generally sufficient notice if such person has knowledge of facts concerning the revocation which would put a reasonable man on inquiry, still dubious or equivocal circumstances will not be sufficient to constitute sufficient notice to a person who knew of such authority by reason of

prior dealings. 2 Corp. Jur. p. 541, § 166, citing *Claflin v. Lenheim,* 66 N. Y. 301; *McNeilly v. Continental Life Ins. Co.* 66 N. Y. 23; *Riggs v. Warner,* 46 Hun, 682, 12 N. Y. St. Rep. 753.

So, whenever a general agency has been established for any purpose, all persons who have dealt with such agent, or who have known of the agency and are apt to deal with him, have a right to presume that such authority will continue until it is shown to have been terminated in one way or another, and they have a right to anticipate that if the principal revokes such authority they will be given due notice thereof. *Gragg v. Home Ins. Co.* 139 Ky. 472, 107 S. W. 321; *Union Bank & T. Co. v. Long Pole Lumber Co.* 70 W. Va. 558, 74 S. E. 674; *Burch v. Americus Grocery Co.* 125 Ga. 153, 53 S. E. 1008; *Meeker v. Mannia,* 162 Ill. 203, 44 N. E. 397.

Applying these principles and considerations in the case at bar, we fail to find any evidence of such unequivocal circumstances indicating revocation of Wood's authority as to warrant holding that plaintiffs were chargeable with knowledge or notice of the termination of Wood's authority to sell the automobile in question on June 3, 1930, free and clear of the mortgagee's lien, and to collect the purchase price therefor. The only change in circumstances during the last six weeks prior to June 3, 1930, as compared to the circumstances theretofore existing, so far as the plaintiffs were chargeable with knowledge thereof, was that McIlraith was at times in and about Wood's garage checking the automobiles which were on sale. That circumstance—particularly with Wood still also in attendance, and apparently still in control and possession—was certainly of such equivocal character that it failed to afford notice of termination of Wood's authority. On the other hand, plaintiffs had no knowledge or notice that McIlraith had been given one of the keys to Wood's garage, or that, because of a secret

understanding entered into between the mortgagee and Wood, about six weeks prior to June 3, 1930, the sales which Wood continued to make thereafter, in apparently the same manner as prior thereto, were to be made only on condition that the consideration therefor was to be collected by McIlraith as the mortgagee's representative. As this court said in *Voell v. Klein,* 184 Wis. 620, 623, 200 N. W. 364:

"It is well settled that secret limitations on the power of an agent cannot affect his apparent authority to the detriment of third persons who deal with him on the basis of his apparent authority and suffer loss thereby." Citing *Freeman v. Dells P. & P. Co.* 150 Wis. 93, 135 N. W. 540.

Consequently, plaintiffs were fully warranted in believing that Wood continued authorized by the mortgagee, as theretofore, to sell automobiles on which it held mortgages, free and clear of its mortgage lien, and to collect the purchase price thereof for the use and benefit of the mortgagee and himself.

Under the circumstances, plaintiffs were not negligent in purchasing the automobile in suit even though they had constructive notice of a mortgage thereon by reason of the recording thereof, as they had likewise had because of the recorded mortgages held by the same mortgagee on the other automobiles which plaintiffs had previously purchased from Wood. On the contrary, the Marathon Finance Corporation by its conduct in allowing Wood during the course of two years to sell automobiles to plaintiffs and others under apparently similar circumstances, without ever insisting on its mortgage lien, and in accepting through and from Wood, without any apparent objection on its part, its portion of the purchase money which he had collected on such sales, and by its failure by unequivocal acts to indicate to plaintiffs a termination of Wood's authority so to do, became estopped from enforcing its mortgage lien on the automobile in suit as against the plaintiffs. It follows that plaintiffs were en-

502

titled to recover that automobile in this action, and that, although it was delivered to plaintiffs upon their filing an undertaking under the statute providing for such delivery *pendente lite,* the Marathon Finance Corporation is not entitled to recover herein upon that undertaking.

As appellant has failed to print in his brief such synopsis or brief résumé of the argument as is required by Rule 9 of this court, no costs are taxable for printing that brief. Rule 44.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiffs.