PEOPLE *v.* ETZLER.

1. FALSE PRETENSES—FAILURE TO SPEAK.

Since one may make a false pretense by act as well as by word, the false pretense to sustain a conviction for obtaining money by false pretenses may be the failure to speak when it is necessary to do so.

2. SAME—ACTED FALSEHOOD—SALE OF NEW AUTOMOBILE WITHOUT DISCLOSING MORTGAGE.

If defendant automobile dealer sold a new car without disclosing fact that it was mortgaged, he deliberately acted a falsehood, conduct as objectionable as a spoken falsehood, and such action would be sufficient evidence of intent to sustain conviction for obtaining money by false pretenses.

3. CRIMINAL LAW—FALSE PRETENSES—FAILURE TO DISCLOSE LIEN OF FLOOR PLAN MORTGAGE—QUESTIONS REVIEWABLE.

In prosecution for obtaining money by false pretenses arising out of dealer's sale of new automobile without disclosing fact that it was covered by a floor plan mortgage, claimed error in that trial court refused to permit defendant to show it was practice of the finance company to permit the sale of cars covered by such mortgage before dealer procured release therefrom and thereby waived lien in favor of *bona fide* purchasers is not discussed where such mortgage failed at its inception to create an incumbrance.

4. FALSE PRETENSES—CHATTEL MORTGAGES—POWER OF ATTORNEY— SCOPE OF AUTHORITY.

In prosecution of automobile dealer for obtaining money by false pretenses by failing to disclose that new car was subject to lien of floor plan mortgage, it was reversible error to introduce such mortgage in evidence over defendant's objection that authority to execute the mortgage on behalf of the corporation of which defendant was president was not shown by power of attorney of party executing the mortgage merely carrying authority to make bills of exchange or promissory notes.

5. PRINCIPAL AND AGENT—POWER OF ATTORNEY—BILLS AND NOTES—
   CHATTEL MORTGAGES.
   The express authority in a power of attorney to make, draw, sign
   or indorse bills of exchange or promissory notes does not also
   give authority or power to sign chattel mortgages.

6. SAME—CONSTRUCTION OF POWER OF ATTORNEY.
   A power of attorney is strictly construed and cannot be enlarged
   by construction.

Appeal from Recorder's Court for the City of Detroit; Jeffries (Edward J.), J. Submitted January 11, 1940. (Docket No. 121, Calendar No. 40,719.) Decided March 15, 1940.

John W. Etzler was convicted of obtaining money under false pretenses. Reversed.

*Hugh K. Davidson* and *Lewis R. Behout,* for appellant.

*Thomas Read,* Attorney General, *Duncan C. Mc-Crea,* Prosecuting Attorney, *William L. Brunner* and *Joseph Lutomski,* Assistants Prosecuting Attorney, for the people.

BUTZEL, J. Defendant was convicted of the crime of obtaining money under false pretenses. In substance, the information charged that he represented that he would sell a Dodge automobile to one Hamilton, and that defendant falsely represented that said automobile was free and clear of all incumbrances except a mortgage in the amount of $330.84 to the Farmington State Bank, in Farmington, Michigan, but in fact there was the further incumbrance of a chattel mortgage for $570.20 to the General Finance Corporation, and that by these false and fraudulent representations the complaining witness, Hamilton, was induced to part with a Ford car and the sum of $164.83 in cash.

The record shows that defendant incorporated an automobile sales business under the name of Redford Motor Sales, Inc., and became its president. It borrowed money to conduct its business and gave as security what purported to be "floor plan" mortgages on automobiles identified by motor and serial numbers to the General Finance Corporation. The automobile involved in the instant case appeared to be covered by such a chattel mortgage which was duly recorded. By its terms, the mortgagor agreed not to incumber, sell, or remove the property from its place of business without first obtaining a discharge of the mortgage. Without disclosing the existence of such document, defendant, on behalf of his company, sold the car in question to Mr. Hamilton and, in payment therefor, the latter turned over a used car on which he was allowed $497.17, paid an additional sum in cash, and was to pay the additional sum of $330.84 to the Farmington State Bank. The dealer only turned over to the finance company the $100 check given by Hamilton, and made no further payments which would entitle it to a release of the alleged chattel mortgage. The finance company replevied the automobile from Hamilton who finally made a settlement by agreeing to pay the mortgagee the sum of $361.50.

Defendant asks us to hold that mere failure to disclose the existence of an incumbrance without an affirmative statement in so many words that there was no incumbrance is insufficient proof of intent to obtain money by means of false pretenses. We cannot so rule. The false pretense can be the failure to speak when it was necessary to do so. If defendant sold the new automobile without revealing the fact that it was mortgaged, he was deliberately acting a falsehood, and such conduct is as objectionable as a spoken falsehood. *People* v. *Clark,* 10 Mich. 310.

One may make false pretense by act as well as by word. *People* v. *Schultz,* 210 Mich. 297.

It is claimed that the trial court erred in not permitting defendant to show that it was the practice of the finance company to permit the sale of the cars covered by the floor plan mortgage before the dealer secured a release or discharge, and that if such practice were proved, the finance company must be held to have waived its lien in favor of the purchaser who had no actual knowledge of the recorded incumbrance. The exact point in controversy has not yet been before this court, although we have protected a mortgagee of automobiles, as against the mortgagor's assignee, where there was proper recording (*National Bond & Investment Co.* v. *Union Investment Co.,* 260 Mich. 307), and have declined protection for failure to record (*Becker* v. *LaCore,* 211 Mich. 684; *Motor Bankers Corp.* v. *C. I. T. Corp.,* 258 Mich. 301). Decisions in other jurisdictions are far from unanimous. See *Bernhagen* v. *Marathon Finance Corp.,* 212 Wis. 495 (250 N. W. 410); *Boice* v. *Finance & Guaranty Corp.,* 127 Va. 563 (102 S. E. 591, 10 A. L. R. 654); *Denno* v. *Standard Acceptance Corp.,* 277 Mass. 251 (178 N. E. 513); *In re Hallbauer,* 275 Fed. 126; *Coffman* v. *Citizens Loan & Investment Co.,* 172 Ark. 889 (290 S. W. 961); *Kearby* v. *Western States Security Co.,* 31 Ariz. 104 (250 Pac. 766); *Moore* v. *Ellison,* 82 Col. 478 (261 Pac. 461). Compare *Whitehurst* v. *Garrett,* 196 N. C. 154 (144 S. E. 835); *Palmisano* v. *Louisiana Motors Co., Inc.,* 166 La. 415 (117 South. 446); *Hardin* v. *State Bank of Seattle,* 119 Wash. 169 (205 Pac. 382) (but see *Gramm-Bernstein Motor Truck Co.* v. *Todd,* 121 Wash. 145 [209 Pac. 3]); *Finance & Guaranty Co.* v. *Defiance Motor Truck Co.,* 145 Md. 94 [125 Atl. 585]). See, also, 23 Minnesota Law Review, 755; 42 Harvard Law Review, 573; 18 Michigan Law Re-

view, 788; and 80 University of Pennsylvania Law Review, 755; 97 A. L. R. 646. Because we hold that the so-called chattel mortgage failed at its inception to create an incumbrance, we decline to discuss further the question raised.

The chattel mortgage which purported to cover the car sold to Hamilton was introduced in evidence over the objection of defendant who moved for its exclusion on the ground that authority to execute such an instrument on behalf of the corporation was not shown. This error is fatal to the conviction. The mortgage was executed by "Redford Motor Sales, Inc., by E. H. Tidwell, Agent." It was claimed that authority was granted by a power of attorney, the relevant part of which is as follows:

"Know all men by these presents that, I, We, J. W. Etzler of Redford Motor Sales, do hereby make, constitute and appoint E. H. Tidwell

          F. G. Robbins of Detroit, Michigan, my, our, true and lawful attorney in fact, for me or our, and in my or our place and stead, to make, draw, sign or indorse in my, our, name to bills of exchange or promissory notes in which I, we, shall be interested or concerned, or which shall be requisite in or about my own business.

          J. W. ETZLER
          President—Owner of
          REDFORD MOTOR SALES, INC.,
          Name of Company."

The authority to make, draw, sign or indorse bills of exchange or promissory notes did not give authority or power to sign chattel mortgages. While there may be some question about whether the above power of attorney even authorizes the signing of promissory notes on behalf of the corporation, that problem is not before us now. Even if otherwise correct, the above instrument gave no power to ex-

ecute mortgages. A power of attorney is strictly construed and cannot be enlarged by construction. *Jeffrey* v. *Hursh,* 49 Mich. 31; *Penfold* v. *Warner,* 96 Mich. 179 (35 Am. St. Rep. 591); *Parkhurst* v. *Trumbull,* 130 Mich. 408; *Magilavy* v. *Fekete,* 251 Mich. 518.

Since there was no showing of a valid chattel mortgage duly executed by one having the requisite authority, we need not discuss the other claims of error. The conviction is reversed, without a new trial, and defendant is discharged.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, McAllister, and Wiest, JJ., concurred.