SOOEY *v.* ZACHARSKI.

1. SPECIFIC PERFORMANCE—OPTION TO PURCHASE REAL ESTATE—AC-
   CEPTANCE ACCORDING TO TERMS.

   Where written memorandum of sale of lot in subdivision
   acknowledged receipt of $50 and required deal for balance
   to be closed within 30 days and there is not proof purchaser
   offered or tendered balance of purchase price or to deposit
   it in escrow and performance is not shown to have been ex-
   cused by vendor's conduct, the purchaser was not entitled
   to specific performance, since he failed to accept option ac-
   cording to its terms.

2. COSTS—BRIEFS.

   No costs are allowed appellees upon affirmance of decree, where
   they failed to file a brief within proper time.

Appeal from Macomb; Noe (Alton H.), J.   Sub-
mitted April 9, 1948.   (Docket No. 54, Calendar No.
43,991.)   Decided May 18, 1948.

Bill by Ernest C. Sooey against Frank Zacharski
and wife for specific performance of alleged contract
for sale of real estate.   Decree for defendants.
Plaintiff appeals.   Affirmed.

*E. O. Kugel,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am. Jur., Specific Performance, §§ 40, 42, 143.
[1] Right of party who has once refused to perform to have specific
    performance of contract.   2 A.L.R. 416.
[2] 14 Am. Jur., Costs, § 92.

Boyles, J. Plaintiff filed this bill of complaint in the circuit court for Macomb county in chancery seeking to compel specific performance of the following claimed memorandum for sale of land:

"January 24, 1946, received of Mr. Ernest Sooey, $50 deposit on lot 11, East Detroit, Michigan, Henry Stevens Sub., Gratiot corner of Williams, total price $2,000. This deal to be closed 30 days from date. Frank Zacharski, Lucille Zacharski."

After a hearing on the merits, the circuit judge dismissed the bill of complaint and plaintiff appeals.

Assuming, as these parties have, that the foregoing is a sufficient memorandum in writing to satisfy the statute of frauds,[*] plaintiff has failed to establish any right to specific performance.

Plaintiff in testifying before the court admitted that he had made no offer or tender of payment of the purchase price within said 30 days; nor did he make any deposit of such money in escrow. The record is barren of any proof that the defendants either did or would have refused to perform, if performance had been offered by the plaintiff within said time. Plaintiff did not offer performance within said 30 days and has not shown any excuse for his failure to do so.

One who fails to accept an option to sell real estate according to its terms is not entitled to specific performance. *Bergman* v. *Dykhouse,* 316 Mich. 315.

Under the above circumstances, plaintiff is not entitled to specific performance. The decree dismissing his bill of complaint is affirmed but without costs, appellees not having timely filed a brief in this Court.

Bushnell, C. J., and Sharpe, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.

---

[*] See 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).
—Reporter.